IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLYDE ANTHONY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA DEPARTMENT OF ) <br> PUBLIC SAFETY, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> No.1:19-cv-05303-SDG-LTW |

SECOND AMENDED EMPLOYMENT
DISCRIMINATION COMPLAINT

This is a race employment discrimination complaint brought pursuant to Title VII of the *Civil Rights Act of 1964,* as amended (42 U.S.C. § 2000e-*et. seq.*) hereinafter "Title VII".

**Jurisdiction and Venue**

1.

The court's jurisdiction and venue are conferred pursuant to 42 U.S.C. § 2000e-5(g)(k).

2.

All conditions precedents under 42 U.S.C. § 2000e-5(f) have occurred to wit: for plaintiff filed a timely charge with the Equal Employment Opportunity Commission, hereinafter, EEOC on November 15, 2017, which was within 180

days of the adverse employment practice; plaintiff received the right-to-sue letter on, or around September 9, 2019, and the initial Complaint was filed within 90 days after plaintiff received the right-to-sue letter.

**Parties**

3.

Plaintiff, CLYDE ANTHONY, is an African-American, current employee of the Georgia Department of Public Safety, who resides within the geographical confines of this court.

4.

The Georgia Department of Public Safety, hereinafter "DPS" is an agency of the State of Georgia, and it can be served with a copy of this complaint and summons at 959 United Avenue SE, Atlanta GA 30316.

**Facts**

5.

Plaintiff began his employment with the DPS in March 2007 when he was hired as a Communication Equipment Officer, and he subsequently met the requirements to become a State Trooper in February 2010.

6.

On or around August 5, 2017, plaintiff was accused of being under the influence of alcohol while on duty and removed of his shield and badge.

7.

Plaintiff was given two breathalyzer tests at his post location and then transported to an official third party for another independent breathalyzer test and the results were negative.

8.

DPS did not video record or show the results of the two departmental breathalyzer tests to plaintiff in clear violation of departmental policies.

9.

DPS placed plaintiff on administrative leave pending an investigation and he remained on such until January 29, 2018.

10.

White employees who did violate the substance abuse policy were not placed on administrative leave of this duration.

11.

While plaintiff was on administrative leave, he was not allowed to perform extra off-duty work because he was relieved of his shield and badge.

12.

Plaintiff was not eligible to take the Corporal exam in mid-January 2018 because he was still out on administrative leave.

13.

Plaintiff did not receive his promotion to Trooper First Class 3 on September 1, 2017, unlike white troopers who were timely promoted based upon their tenure.

14.

On December 15, 2017, plaintiff was directed to report to Internal Affairs to respond to an unsubstantiated, baseless, social media complaint stemming from the previous investigation.

15.

When plaintiff appealed the initiation of this investigation, DPS failed to respond to plaintiff's appeal, and the matter was "swept under the rug".

16.

White troopers are not subjected to investigations for obvious, unsubstantiated, social media complaints and denied the right to complete the appeal process.

17.

On November 8, 2017, plaintiff sought medical treatment for stress caused by DPS placing him on administrative leave.

18.

In response to plaintiff's medical treatment DPS removed plaintiff from administrative leave and placed him on sick leave.

19.

Plaintiff was released by his healthcare provider to return to duty and they did not find any need for any substance abuse counseling.

20.

The DPS did not return plaintiff to active duty; rather he was returned to an administrative leave status and he was required to undergo a fitness for duty evaluation.

21.

On January 8, 2018, the DPS required plaintiff to attend EAP counseling sessions with its counselors notwithstanding plaintiff's release by his own physician for duty after finding no substance abuse issues.

22.

After two sessions, the EAP counselor decided that plaintiff did not need to have the third session, and he was instructed not to return.

23.

Within a short time after his last session with the EAP counselor, the counselor contacted plaintiff and informed him that he would need to come

back and complete the third session because the DPS demanded that she complete the alcohol substance awareness information part of the original session.

24.

African-American employees are discriminated on the basis of race in regard to promotions.

**Causes of Action**

25.

Defendant by subjecting plaintiff to unwarranted, relentless investigations because of his race violates the equal terms and conditions of employment provision of the Title VII (42 U.S.C. § 2000e-2).

26.

Defendant by denying plaintiff promotions because of his race violates the equal terms and conditions of employment provision of the Title VII (42 U.S.C. § 2000e-2).

27.

As a direct and proximate result of the wrongful acts by defendant, plaintiff has suffered differential back pay losses (after-duty work earnings) along with prejudgment interest, for the period commencing with August 5, 2017 and lasting up until January 28, 2018.

28.

As a direct and proximate result of the wrongful acts by defendant, plaintiff has suffered differential back pay losses (the difference between his then salary and Trooper 3 class) along with prejudgment interest, for the period commencing with August 5, 2017 and lasting up until the date of his promotion to Trooper 3-class.

29.

As a direct and proximate result of the wrongful acts by defendant, plaintiff has suffered differential back pay losses (the difference between the Corporal pay and his then current salary as a Trooper class 2) along with the prejudgment interest, for the period commencing with the date of the Corporal exam, and lasting up until the date of trial.

30.

As a direct and proximate result of the wrongful acts by defendant, plaintiff has suffered damages from the humiliation and embarrassment caused by defendant's discriminatory, race-based practices as set forth herein, in an amount to be determined at trial.

31.

As a direct and proximate result of the wrongful acts by defendant, plaintiff was required to hire and employ the undersigned attorney, and to pay expenses of litigation to advance his claims as stated herein.

32.

Plaintiff has no plain, adequate or complete remedy at law.  Plaintiff is suffering, and will continue to suffer, irreparable injury because of the discriminatory conduct of defendant.

**WHEREFORE PLAINTIFF DEMANDS** that this court grant the following:

(a) A declaratory judgment that the acts of discrimination as stated herein, violate Title VII;

(b) A permanent injunction prohibiting any further acts of discrimination against any of DPS employees, inclusive of plaintiff, because of their race, along with plaintiff's immediate promotion to the position of Corporal along with back pay losses and lost employee's benefits along with prejudgment interest to plaintiff;

(c) Judgment against defendant for special and general damages, inclusive of compensatory damages, in an amount to be determined at trial;

(d) Reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 2000e-5 (k);

(e) Trial by jury;

(f) And any other relief that this Court deems just and proper.

Respectfully submitted this 9th day March 2020.

                                        */s/ Ethel L. Munson*

                                        ETHEL L. MUNSON
                                        Law Offices of Ethel L. Munson
                                        Attorney for Plaintiff
                                        Georgia Bar No. 529625

3295 River Exchange Drive
Suite 510
Norcross GA 30092
(770) 449-4630