IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLYDE ANTHONY,<br><br>     Plaintiff,<br><br>         v.<br><br>GEORGIA DEPARTMENT OF PUBLIC SAFETY,<br><br>     Defendant. | Civil Action No.<br>1:19-cv-05303-SDG-LTW |

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Linda T. Walker's Report and Recommendation (R&R) [ECF 55] recommending that Defendant's motion for summary judgment [ECF 45] be granted and that the case be dismissed with prejudice. Plaintiff has filed an objection to the R&R [ECF 58], to which Defendant has responded [ECF 62]. Plaintiff also moves to supplement his objections [ECF 59], which Defendant opposes [ECF 63]. After careful consideration of the parties' briefing, the Court **DENIES** Plaintiff's motion to supplement, **ADOPTS** the R&R in its entirety, and **GRANTS** Defendant's motion for summary judgment.

## I. BACKGROUND

The relevant undisputed facts are set forth in detail in the R&R.[1] To summarize, Plaintiff Clyde Anthony was employed by Defendant Georgia Department of Public Safety (GDPC) from March 1, 2007 until he retired on November 1, 2020.[2] From August 2017 to February 2018, Anthony was placed on administrative leave while being investigated for being under the influence of alcohol while on duty.[3] During his leave, in September 2017, Anthony was not promoted to a trooper position for which he was eligible.[4] Also in September 2017, Anthony's then-Corporal, Chad Harris, told him to not participate in GDPC matters while on leave. This included taking the qualifying exam for a corporal position, another position for which Anthony was otherwise eligible.[5] Anthony did not experience any changes to his rank or pay when he returned from leave.[6]

---

[1]   ECF 55, at 2–11.

[2]   *Id.* at 2.

[3]   *Id.* at 6–10.

[4]   *Id.* at 7–8.

[5]   *Id.* at 11.

[6]   *Id.*

Anthony is African American,[7] and claims that GDPC placed him on administrative leave and failed to promote him or to allow him to take the corporal qualifying exam based on his race, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq*.[8] Anthony filed this action on November 21, 2019.[9] GDPC moved for summary judgment,[10] and Judge Walker entered the R&R on May 26, 2021, recommending that summary judgment be granted and that Anthony's claims be dismissed. Anthony timely objected.[11]

## II.  LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd.*

---

[7]  *Id.* at 2.

[8]  *Id.* at 13–14.

[9]  ECF 1.

[10]  ECF 45.

[11]  ECF 55.

*of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III.   DISCUSSION

Judge Walker concluded that Anthony failed to make *prima facie* cases for race discrimination under Title VII for adverse employment action or failure to promote. As for placing Anthony on administrative leave, Judge Walker found that a reasonable jury could find that this was an adverse employment action because Anthony was prohibited from engaging in secondary employment,[12] but

---

[12]   *Id.* at 17.

that he failed to show that he was placed on administrative leave because of his race.[13] In particular, Judge Walker found that a reasonable jury could not determine that the similarly situated employee identified by Anthony was treated more favorably.[14] As for Anthony's failure to promote claims, Judge Walker found that Anthony failed to raise an issue of material fact that he was not promoted to either the trooper or corporal position because of his race.[15]

Anthony objects to the R&R on three grounds. First, Anthony argues that Judge Walker incorrectly concluded that the similarly situated employee was not treated more favorably because, unlike Anthony, the other employee admitted to consuming alcohol while on duty and, therefore, it was improper to subject Anthony to similar adverse action.[16] Second, Anthony argues Judge Walker improperly failed to consider unauthenticated portions of the EEOC investigative file related to Anthony's claims.[17] Finally, Anthony argues that Corporal Harris's direction to not get involved in official GDPS matters denied him the opportunity of taking the corporal qualifying exam, which was an opportunity provided to

---

[13]  *Id.* at 22–25.

[14]  *Id.* at 23–25.

[15]  *Id.* at 27–32.

[16]  ECF 58, at 2–7.

[17]  *Id.* at 7–10.

white employees.[18] Anthony does not object to Judge Walker's disposition of his claim that he was denied a trooper promotion based on his race.

### A. Similarly Situated Employee Not Treated More Favorably

Judge Walker determined that the similarly situated employee identified by Anthony, John McMillian, was a proper comparator, but that he was not treated more favorably. McMillian was also placed on administrative leave after being found to have alcohol in his system and, though his administrative leave time was shorter, McMillian was ultimately demoted to a role with substantially reduced responsibility and a reduced salary.[19] Anthony returned to his same post and did not receive a reduction in salary.[20]

Anthony objects to this finding, arguing that the preliminary alcohol test conducted on him was unreliable and a subsequent, more accurate test did not detect alcohol in his system, and so he should not have been subject to any discipline.[21] Anthony also complains that he was subject to a fitness for duty

---

18   *Id.* at 10–11.

19   ECF 55, at 23.

20   *Id.*

21   ECF 58, at 3–7.

examination, but McMillian was not, and that Judge Walker failed to consider this in making her recommendation.[22]

Anthony relies on circumstantial evidence in making his claims, and therefore the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. Under this framework, if Anthony establishes a *prima facie* case of discrimination, the burden shifts to GDPS to articulate a legitimate, non-discriminatory reason for the adverse employment action, and if it does, the burden shifts back to Anthony to show the legitimate reason was a pretext for discrimination. *Id.* at 802–05. Anthony can establish his *prima facie* case of racial discrimination by showing "(1) that [ ]he belongs to a protected class, (2) that [ ]he was subjected to an adverse employment action, (3) that [ ]he was qualified to perform the job in question, and (4) that [his] employer treated 'similarly situated' employees outside [his] class more favorably." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220–21 (11th Cir. 2019).

Anthony fails to address Judge Walker's conclusion that McMillian was not treated more favorably after his preliminary breath test showed he was under the influence of alcohol. In fact, Anthony seems to argue that he and McMillian were

---

22   *Id.* at 5.

not similarly situated, and for this reason Anthony should have been given more favorable treatment. Anthony's objection questions the underlying basis of his own discipline, not disparate treatment. Under Title VII, however, "[a]n employer may terminate an employee for 'a good reason, a bad reason, *a reason based on erroneous facts*, or for no reason at all, as long as its action is not for a discriminatory reason.'" *Herron-Williams v. Ala. State Univ.*, 805 F. App'x 622, 631 (11th Cir. 2020) (emphasis added) (quoting *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015)). Without evidence supporting an inference of discrimination, whether GDPS had good reason to place Anthony on administrative leave is irrelevant. For this reason, the Court also denies Anthony's motion to supplement his objection, in which he seeks to introduce additional information that discredits the preliminary breath test yet fails to address any different treatment between him and McMillian.[23]

The only reasonably conceivable argument of disparate treatment with regard to McMillian is that GDPS did not subject McMillian to a fitness for duty examination before he returned to employment, as it did to Anthony. But even assuming a fitness evaluation can constitute an adverse employment action, this

---

[23] ECF 59.

difference in treatment is immaterial because McMillian was demoted and his salary was reduced following his leave, whereas such actions were not taken against Anthony.[24] Thus, a reasonable jury could not find that McMillian was treated more favorably than Anthony, and Anthony has not come forward with other circumstantial evidence in support of an adverse employment action claim. The Court adopts the R&R on this issue.

### B.   Consideration of EEOC Investigation Documents

Anthony's second objection is that Judge Walker erred in failing to consider information contained in an EEOC investigative file reflecting a statistical analysis that there was a disparity between white troopers' and African American troopers' career progression to the corporal level.[25] Judge Walker declined to consider this information because it was inadmissible under Federal Rule of Evidence 901(a), contains improper legal conclusions, and appears to be expert testimony from an unidentified author who has not been qualified as an expert.[26]

The Court finds that Judge Walker properly declined to consider the document from Anthony's EEOC investigative file. Though evidence need not be

---

[24]   ECF 55, at 23–24.

[25]   ECF 58, at 7–10.

[26]   ECF 55, at 31–32.

admissible to be considered at the summary judgment stage, it must be capable of being submitted in admissible form at trial. *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996), *aff'd sub nom.* 520 U.S. 781 (1997). The EEOC document at issue is neither attested nor authenticated, and Anthony has presented no foundation for the statistical information or any indication that it is trustworthy. Anthony argues that it is of no consequence that the statistical analysis is not authenticated because he could easily call an EEOC representative at trial to provide the foundation for the document,[27] but he fails to offer a basis for admissibility beyond authentication. The document, which is presented without any identified author or context, contains hearsay, legal opinions, and potentially unsupported expert opinions, which would render it inadmissible at trial. Judge Walker rightfully declined to consider the document, and the Court adopts the R&R on this issue.

### C.    Anthony's Opportunity to Take the Corporal Qualifications Exam

Regardless of whether Judge Walker should have considered the EEOC document, Anthony still cannot make a *prima facie* case for discrimination relating to not being promoted to corporal. The basis for Anthony's claim that GDPS failed

---

[27]    ECF 58, at 9.

to promote him to corporal based on his race is a direction from his supervisor, Chad Harris, to not get involved in department matters while he was on leave.[28] Based on this, Anthony did not take the corporal qualifying exam even though there is no GDPS policy prohibiting employees on a leave from participating in the promotions process.[29] Judge Walker concluded, however, and the Court agrees, that this is insufficient to make a *prima facie* case for race discrimination.

To establish a *prima facie* case for failure to promote, a plaintiff must show that "(i) he or she belonged to a protected class; (ii) he or she was qualified for and applied for a position that the employer was seeking to fill; (iii) despite qualifications, he or she was rejected; and (iv) the position was filled with an individual outside the protected class." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005). If a position is not formally posted, the plaintiff need not show that he applied for the position, "only that the employer had some reason to consider him for the post." *Id.*

Anthony fails to show that he was due consideration for the corporal position or that the corporal role was filled with someone outside of his protected class. He only claims that he was unable to sit for the qualifying exam based on his

---

[28] ECF 55, at 29.

[29] *Id.*

supervisor's direction and that white employees were able to take the exam.[30] Anthony does not claim that only white employees were able to take the exam or that only white employees were promoted to corporal based on that exam. There is also no circumstantial evidence supporting an inference that Harris gave Anthony incorrect information about the qualifying exam because of Anthony's race. A reasonable jury could not conclude, based on the evidence presented by Anthony, that he was denied a promotion to corporal based on his race. The Court therefore adopts Judge Walker's R&R on this issue.

## IV. CONCLUSION

The Court **DENIES** Anthony's motion to supplement [ECF 59]; **OVERRULES** his objections to the R&R [ECF 58]; and **ADOPTS** the R&R [ECF 55] in its entirety. GDPS's motion for summary judgment [ECF 45] is **GRANTED**. Anthony's claims are **DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 28th day of September 2021.

                                                      Steven D. Grimberg
                               United States District Court Judge

---

[30] ECF 58, at 10.